In the Matter of CHARLES C. MOSCHINI, Petitioner, against JOHN F. O'CONNELL et al., Individually and as Members of the State Liquor Authority, Respondents.

Supreme Court, Special Term, New York County, May 23, 1949.

*Monroe I. Katcher, II,* for petitioner.

*Alvin McK. Sylvester* for respondents.

O'BRIEN, J. Petitioner seeks an order directing the respondents to approve his application for a retail liquor license. An application for such license was made on October 18, 1948. On or about October 29, 1948, the city alcohol beverage control board caused an investigation to be made relevant to the application and thereafter, on November 10, 1948, the city board approved the petitioner's application.

On November 24, 1948, after petitioner was notified, a hearing in connection with the application for a license was held before a deputy commissioner. On December 6, 1948, the petitioner received a notice from the State Liquor Authority that '' physical layout of premises is unsatisfactory.''

Thereafter, on December 7, 1948, the petitioner wrote to the Liquor Authority and made a formal demand for the approval of the application, to which he received no reply except that on December 10, 1948, an investigator visited the proposed premises and interrogated the petitioner. On January 12, 1949, petitioner again wrote asking for approval and enclosed photograph showing the vacant store ready for occupancy as a liquor store.

On January 18, 1949, the petitioner was requested to and did appear before another deputy commissioner, at which meeting the deputy commissioner stated: '' However, as far as the Authority is concerned, that application (meaning the application in question) is dead. The fact that we are giving you an interview on the re-opening of this application that you want gives the Authority the right to go back to the very beginning and question you on any other facts. You understand that * * * ? '' The petitioner assented to this procedure.

The petitioner received a letter from the Liquor Authority, dated January 28, 1949, which reads in part as follows:

" By direction of the Authority I am replying to your letters of December 7, 1948, and January 12, 1949, wherein you request reconsideration of the Authority's disapproval of the captioned application for a retail liquor store.

" The final determination on matters of this type is made only by the Authority sitting as a Board and is predicated upon all the facts and factors involved including the results of the Authority's investigations, when such an application is before them for consideration.

" At its meeting on January 26, 1949, the Authority reviewed and reconsidered the facts relating to your application, with particular attention to your letters of reference and investigations relative thereto. It is the judgment of the Authority that its decision disapproving your application must be, and it is therefore affirmed."

The statement of the deputy commissioner at the hearing of January 18, 1949, that the Liquor Authority had the right to go back to the very beginning of the matter and the fact that it did exercise that right, which was agreed to by the petitioner, show that the Authority on that date treated the application as though it was before them for the first time.

At the November 24, 1948, hearing no question was raised, nor was any reference made with respect to the physical layout of the premises. The letter of January 28th, which denied the application after the rehearing, states that it was denied after review of the facts and " with particular attention to your letters of reference." Nowhere in the record is any question raised as to the references of the petitioner. The original denial of the application was based upon the fact that the physical layout of the premises was unsatisfactory. The record is barren of any evidence of the physical layout of the premises being unsatisfactory at the time of the hearing.

There being nothing wrong with the references of the petitioner, and the physical layout of the premises being satisfactory, the action of the Authority in refusing to issue the license must be deemed to be arbitrary, capricious and unreasonable. Accordingly, the motion is granted.